**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JONATHAN CORNELIUS GLENN, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | |
| GEORGIA DIAGNOSTIC and : | NO. 5:11-CV-420-MTT-CHW |
| CLASSIFICATION PRISON OFFICIALS,: | |
| *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | **O R D E R** |

Plaintiff **JONATHAN CORNELIUS GLENN** filed a handwritten "Pro se Request for Temp[o]rary Restraining Order (TRO)," which was docketed as a civil rights action under 42 U.S.C. § 1983.[1] In his filing, Plaintiff largely complained that "officials" at Georgia Diagnostic and Classification Prison ("GD&CP"), where Plaintiff was previously confined, failed to provide him with medication and therapy for his "severe" back pain. By Order dated October 27, 2011 (Doc. 7), the Court directed Plaintiff to do the following: (1) file his complaint on this Court's 42 U.S.C. § 1983 form; (2) pay the $350.00 filing fee or submit a request to proceed *in forma pauperis*;[2] and (3) name specific defendants and state how they violated Plaintiff's rights. Plaintiff was given twenty-one days to comply with the Court's Order.

---

[1] Plaintiff initially filed this case in the Southern District of Georgia; it was transferred to this Court on October 19, 2011 (Doc. 3).

[2] This Court's October 27th Order was the second time Plaintiff was directed to either pay the $350.00 filing fee or file a motion to proceed *in forma pauperis*. Prior to transferring the case to this Court, the Clerk for the United States District Court for the Southern District of Georgia so directed Plaintiff (Doc. 2, Notice dated Oct. 6, 2011).

On November 14, 2011, the Court received a document entitled "Motion for Request for Reconsideration and Motion for Preliminary Injunction" (Doc. 8) and a copy of Plaintiff's trust fund account statement dated November 2, 2010 (Doc. 9).  The Court also received, on November 15, 2011, Plaintiff's "Motion to Extend Time" (Doc. 10).

To maintain this lawsuit, Plaintiff must fully comply with the October 27th Order.  In addition to completing this Court's standard section 1983 form, Plaintiff must either pay the $350.00 filing fee or submit a request to proceed *in forma pauperis*. Any request to proceed *in forma pauperis* must be accompanied by Plaintiff's current trust fund account statement.  The Court cannot evaluate Plaintiff's present ability to pay this Court's $350.00 filing fee with information that is more than a year old.

Plaintiff may, however, wish to voluntarily dismiss this action.  The Court notes that Plaintiff was transferred from GD&CP to Hays State Prison on December 10, 2011.  Such transfer makes Plaintiff's claims for injunctive and declaratory relief moot.  **See Zatler v. Wainwright**, 802 F.2d 397, 399 (11th Cir. 1986).  Injunctive relief, such as Plaintiff's request for a TRO, is "a prospective remedy, intended to prevent future injuries," **Adler v. Duval Cnty**, 112 F.3d 1475, 1477 (11th Cir. 1997), and, "as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained."  **Smith v. Allen**, 502 F.3d 1255, 1266 (11th Cir. 2007) (citing **Wahl v. McIver**, 773 F.2d 1169, 1173 (11th Cir.1985)).

Based on the foregoing, Plaintiff's "Motion for Request for Reconsideration and Motion for Preliminary Injunction" is **DENIED**.  Plaintiff's "Motion to Extend Time" is

**GRANTED**.  If Plaintiff still wishes to maintain this action, he shall have twenty-one days from the date of this Order submit a complaint on this Court's section 1983 form and to comply with the other directions in the October 27 Order.  If Plaintiff fails to timely and fully comply with this Order, this action shall be dismissed.

     **SO ORDERED**, this 15th day of December, 2011.

                                      S/ Marc T. Treadwell
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT

cr